UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00080-MOC-DLH

| | | |
|---|---|---|
| **THE OKONITE COMPANY, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFAULT** |
| Vs. | ) | **JUDGMENT** |
| | ) | |
| **GROVER GWYN TRUCKING** | ) | |
| **GROVER CLAUDE GWYN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** having come before the court for default judgment and it appearing that default was properly entered by the Clerk of this Court, and that since entry of default defendants have not appeared or moved to set aside default; and

**IT FURTHER APPEARING** that plaintiff has shown by way of affidavit that it is entitled to damages in a sum certain from defendants, to wit, $177,600.00, as damages from breach of contract; that plaintiff has shown to the satisfaction of the court that such damages were incurred based upon fraud, conversion, and unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"; that based on such conduct, the court determines that it is just and appropriate to treble such damages for a total damages award of $532,800.00; and

**IT FURTHER APPEARING** that based on the conduct as pled in the Complaint, defendants are jointly and severally liable to plaintiff for such damages, any interest, costs, and any attorneys' fees; and

1

**IT FURTHER APPEARING** that attorneys' fees are appropriate as a matter of law inasmuch as the same conduct that provides for treble damages also provides a sound basis for awarding a reasonable attorneys' fee as provided by N.C.Gen.Stat. § 75-16.1; that the compensatory damages shall run with prejudgment interest[1] thereupon accruing at the North Carolina judgment rate of 8% since the date of breach as measured from the last invoice, May 17, 2013, to the date of this judgment, March 3, 2015, which amounts to $25,499.15 in prejudgment interest, all in accordance with N.C.Gen.Stat. §24-1, for a total Judgment in the amount of $558,299.15, which shall in turn be run with post-judgment interest at the federal judgment rate. Forest Sales Corp. v. Bedingfield, 881 F.2d 111 (4th Cir. 1989).

**JUDGMENT**

**IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED** that **JUDGMENT** is **ENTERED** in favor of plaintiff **THE OKONITE COMPANY, INC.**, individually and as assignee of Ricker Trucking Company, LLC, and against **GROVER CLAUDE GWYN**, individually and doing business as **GROVER GWYN TRUCKING** and **GROVER GWYN TRUCKING**, both jointly and severally, in the total amount of **$558,299.15,** with interest thereupon accruing from the date of this Judgment at the lawful federal judgment rate. Plaintiff is further allowed its reasonable attorneys' fees, an

---

[1] The court has determined that prejudgment interest, while discretionary in federal court, is appropriate in this case as plaintiff lost use of funds that were clearly due and owing to it from the date of breach and during the pendency of this action. *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017 (4th Cir. 1993). Further, North Carolina law, which governs prejudgment interest in diversity cases, 28 U.S.C. 1961(a), requires prejudgment interest from the date of breach in contract actions. N.C.Gen.Stat. § 24-5(a). Prejudgment interest under North Carolina law appears to run as simple interest as North Carolina does not allow "interest on interest." *NCNB v. Robinson*, 80 N.C.App. 154 (1986).

award which may be perfected within 30 days of entry of this Judgment by the filing of a motion for determination of fee award accompanied by appropriate affidavits and supporting documentation.

Signed: March 3, 2015

Max O. Cogburn Jr
United States District Judge