UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| THE OKONITE COMPANY, INC., individually and as assignee of RICKER TRUCKING COMPANY, LLC,<br>　　　　　Plaintiff,<br><br>vs.<br><br>GROVER CLAUDE GWYN, individually and doing business as GROVER GWYN TRUCKING, and GROVER GWYN TRUCKING,<br>　　　　　Defendants. | Civil Action No.: 1:14-cv-80<br><br><br>DECLARATION OF<br>THOMAS V. HILDNER<br>IN SUPPORT OF PLAINTIFF'S<br>MOTION FOR DETERMINATION<br>OF FEE AWARD |

I, Thomas V. Hildner, declare as follows:

1. I am an attorney licensed to practice in the State of New Jersey. I am a member of the law firm of Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C. ("Podvey"). I am co-counsel for Plaintiff in this action and have been admitted to practice before this Court *pro hac vice*. I am submitting this declaration in support of Plaintiff's motion for determination of the fees allowed to The Okonite Company, Inc. ("Plaintiff" or "Okonite") in this action, pursuant to the Default Judgment entered on March 3, 2015. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently thereto.

2. Okonite received a letter dated January 29, 2014 from Weiss, Spencer & Levin, a collection agent, on behalf of Ricker Trucking Company, LLC ("Ricker"). The letter stated that

Ricker had not yet been paid for its transportation services with regard to certain Okonite shipments. Citing the terms of Okonite's bills of lading and Ricker's Published Tariff Rules Circular-100, Weiss, Spencer & Levin asserted that although Okonite may have already paid the freight charges to Gwyn, Okonite remained liable to Ricker for the charges due because Gwyn had never paid Ricker.

3. Okonite has been a longstanding client of Podvey, Okonite retained Podvey to evaluate Ricker's claims as asserted in the letter from Weiss, Spencer & Levin, and to provide legal advice. We determined that under applicable law Okonite was obligated to pay Ricker the unpaid shipping charges Ricker sought, and Okonite was entitled to seek indemnification from Gwyn. We also determined that Okonite and Ricker had been the victims of, *inter alia*, fraud, unfair and deceptive trade practices, and conversion due to Gwyn's actions. In order to resolve Ricker's claims, Okonite paid Ricker the unpaid amount due to Ricker, and Okonite and Ricker entered into a settlement agreement pursuant to which Ricker assigned to Okonite all of its rights, claims, and causes of action it had against Gwyn.

4. Podvey is a law firm in the New York metropolitan area with its principal office in Newark, New Jersey.

5. Okonite requested that Podvey pursue its claims against Gwyn, in Okonite's own right and as assignee of Ricker, arising from Gwyn's fraud and failure to perform under the transportation contracts that Gwyn entered into with Okonite and Ricker.

6. I have reviewed the invoices for services rendered by Podvey to Plaintiff in this action. As set forth in more detail below, I have confirmed that the reasonable attorneys' fees and costs incurred in this lawsuit for the services rendered by my firm are $59,975.72, for the period of January 30, 2014 through the present.

2

7.  I have practiced law for almost forty-five (45) years in New Jersey and currently focus almost entirely on civil litigation of various kinds. I am a *cum laude* graduate of the University of Notre Dame. I am also a graduate of the University of Virginia Law School from which I received a Bachelor of Laws degree in 1968. I was admitted to the practice of law in the State of Virginia (now inactive status) in 1968 and in the State of New Jersey in 1969. I have also been admitted to practice before the United States District Courts for the District of New Jersey and the Southern and Eastern Districts of New York. I have been a member of the Podvey firm, and its predecessors, since 1980. I was an adjunct professor at Seton Hall University School of Law from 1972 to 1977. My practice has primarily been devoted to civil litigation since 1970. In 2013 I was appointed by the New Jersey Supreme Court to the District VB Fee Arbitration Committee and I serve as a Panel Chairperson. My Martindale-Hubbell rating is AV. I have served as an arbitrator for the U.S. District Court for the District of New Jersey.

8.  My current, hourly billing rate is $425.00. However, the Plaintiff is being billed at an agreed upon rate of $400 per hour for my services since Plaintiff is a longtime client of our firm. This fee is consistent with those customarily charged in this locality for similar legal services by attorneys with my experience handling civil litigation, including complex commercial litigation and contract disputes.

9.  As primary counsel for this matter, I supervised and reviewed the work of our associate, Sarah Mitchell, as well as that of our paralegal, Bela Orgera, both of whom assisted me in representing the Plaintiff in this case. By utilizing them, we were able to perform the underlying work in the most cost-effective and efficient manner. I determined and coordinated the direction of Okonite's pre-litigation response to Ricker, and Okonite's subsequent

3

prosecution of its claims against Gwyn. I supervised the drafting of all pleadings in this matter, including, *inter alia*, the Complaint, the Motion for Default Judgment and the supporting declarations and the brief. I coordinated and oversaw the investigation and legal research in response to the letter from Weiss, Spencer & Levin, as well as the supporting research and preparation of the pleadings and other submissions in the within action. I handled communications with and on behalf of the client preceding and subsequent to the filing of the Complaint, and directed each stage of the litigation as Plaintiff's primary counsel.

10. Sarah Mitchell is an attorney with Podvey and has been the lead associate in this matter. Ms. Mitchell supported the investigation of Gwyn's fraud, conducted legal research, drafted memoranda discussing legal issues, and prepared the first drafts of the settlement agreement and assignment of rights used to resolve the claims of Ricker Trucking Company against Okonite arising from defendant Gwyn's unlawful failure to pay Ricker the unpaid freight charges due to it as the delivering carrier. She coordinated with North Carolina counsel, and prepared the first drafts of the Complaint, all briefs and affidavits in support of Okonite's motion for default judgment, and the proposed judgments in this action.

11. Ms. Mitchell graduated from Notre Dame Law School in 2010, after which she served as a judicial law clerk in the Superior Court of New Jersey. At the conclusion of her clerkship in 2011, she joined Podvey as an associate. She is admitted to practice before the courts of New Jersey, New York, and Florida, in addition to the United States District Courts for the District of New Jersey, and the Southern and Eastern Districts of New York. Her experience includes state and federal litigation in the fields of, *inter alia*, complex commercial litigation and contract disputes. Her hourly billing rate in 2014 was $225.00 per hour. Her hourly rate increased to $235 per hour in February 2015. I believe her rate is reasonable and commensurate

4

with the hourly rates charged by other law firms for similar services of their attorneys with similar education and experience.

12. Bela Orgera, a paralegal with Podvey, has maintained the files in this case and has performed numerous other tasks such as internet research and other investigation regarding the Defendants. She is a graduate of Douglass College of Rutgers University and received an AAS degree in Legal Studies from Middlesex County College. She has been a paralegal for more than thirty (30) years with a concentration in civil litigation. The firm's use of a paralegal in the handling of many paraprofessional tasks decreased the number of attorneys' hours billed, leading to a lower total of attorneys' fees. Ms. Orgera's billing rate is $140.00 per hour. I believe her rate is reasonable and commensurate with hourly rates charged by other law firms for similar paralegal services performed by persons with her education and experience.

13. The total fees billed to Plaintiff, subject to this motion are $59,682.50. When broken down, the requested fee award represents 72.2 hours of my time ($28,880), 112.9 hours of Ms. Mitchell's time at $225 per hour and ($25,402.50), 17.2 hours of Ms. Mitchell's time at $235 per hour and ($4,042), and 9.7 hours of Ms. Orgera's time ($1,358). A summary of the fees and expenses charged to the Plaintiff by our firm is attached as Exhibit A. Supporting invoices, which have been redacted to preserve attorney-client privilege and work product, are attached as Exhibit B.

14. There are certain services itemized in Exhibit B that are not the subject of this motion. These services include services provided by professionals not described in this Declaration, and services unrelated to the disputes concerning Ricker and Gwyn. The values of these services omitted from Okonite's motion are as follows:

>   February 2014:   $360
>   March 2014:      $390

5

```
        June 2014:       $42
        December 2014:   $80
        March 2015:      $1,208
        Total:           $2,080
```

15. The invoices in <u>Exhibit B</u> also include the total amount of billed costs incurred by our firm associated with the preparation and prosecution of this action. Those costs are $293.22, and include shipping and postage associated with rendering the legal services described.

16. In sum, Plaintiff respectfully requests reasonable attorneys' fees for the services performed by my firm in the amount of $59,682.50 and costs in the amount of $293.22, for a total allowance of $59,975.72, for the period of January 30, 2014 through March 31, 2015.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This the 9th day of April, 2015.

Respectfully submitted,

*/s/ Thomas V. Hildner*
Thomas V. Hildner
Podvey, Meanor, Catenacci, Hildner,
  Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Telephone: 973-623-1000
Thildner@podvey.com

472278