UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00080-MOC-DLH

| | | |
|---|---|---|
| **THE OKONITE COMPANY, INC.,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GROVER GWYN TRUCKING** | ) | |
| **GROVER CLAUDE GWYN,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Extension of Time to File Motion for Attorneys' Fees and Costs (#17), Motion for Attorneys' Fees (#19), and Motion to Withdraw (#24).

As this court earlier found in awarding its Default Judgment, attorneys' fees are appropriate as a matter of law inasmuch as the same conduct that provides for treble damages also provides a sound basis for awarding a reasonable attorneys' fee as provided by N.C.Gen.Stat. § 75-16.1. In determining whether any award of attorney's fees is reasonable, the Court of Appeals for the Fourth Circuit has provided the court with very specific guidance:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>
> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the

> attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the **\*244** professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).
>
> After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (internal quotation marks and citation omitted).

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). The plaintiff's motion, memorandum, and supporting documents fully comply with the requirements of Robinson. Having considered the twelve factors, the court is able to determine a lodestar amount. The court finds that no hours need be subtracted as plaintiff was fully successful on all of its claims through defendant's default. Further, no downward adjustment is required as plaintiff was completely successful in this matter. Finally, the court has determined that award is not only fully supported, it is a reasonable award. The court notes that the Clerk of Court has, as provided by the Federal and Local rules, promptly resolved the costs aspect of plaintiff's Motion for an Award of Fees and Costs.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Extension of Time to File Motion for Attorneys' Fees and Costs (#17) is ALLOWED and the Motion for Attorneys' Fees is

DEEMED timely filed, the Motion for Attorneys' Fees (#19) is ALLOWED and $74,992.00 is AWARDED as a reasonable attorneys' fee, and Motion to Withdraw (#24) is ALLOWED, and Sarah C. Mitchell is RELIEVED from further representation of plaintiff in this matter.

An Amended Judgment is entered simultaneously herewith which includes such award of attorneys' fees and the Clerk's award of costs.

Signed: June 2, 2015

Max O. Cogburn Jr.
United States District Judge